UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOMINIQUE DEANGELO DARDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-cv-553-HEA |
| ) | |
| DEBRA LUECHTEFELD, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

Self-represented Plaintiff Dominique Darden brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for frivolity and failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Due to dismissal, Plaintiff's pending motion for appointment of counsel will be denied as moot.

**Plaintiff's Background**

The following information is drawn from the instant complaint, Plaintiff's prior federal cases, and an independent review of Plaintiff's state court proceedings on Missouri Case.net, the State of Missouri's online docketing system. On September 5, 2020, Plaintiff was charged in the Circuit Court of the City of St. Louis with unlawful possession of a firearm. *State v. Darden*, No. 2022-CR01542 (22nd Jud. Cir., filed Sept. 5, 2020). An arrest warrant was issued on September 6, 2020, and Plaintiff was to be held without bond. However, at an October 30, 2020, hearing,

Plaintiff was released on house arrest on the condition that he always wear a GPS monitor. In January 2021, Plaintiff failed to comply with the GPS conditions of his bond, but that condition was removed in February 2021. When Plaintiff failed to appear for a November 2021 hearing, a warrant for failure to appear issued. In December 2021, GPS monitoring was again made a condition of Plaintiff's bond, but Plaintiff never reported to the pre-trial services office to have the monitor installed. After Plaintiff failed to appear to a January 2022 hearing, a warrant issued. In February 2022, Plaintiff was again granted bond with the GPS monitoring condition but, again, he failed to appear to have the GPS installed and a warrant issued.

In March 2022, the state court received a letter from Plaintiff, mailed from the Olympia City Jail in Olympia, Washington, complaining about the food served to him in that Jail. Subsequently, the Missouri state court issued a governor's warrant, which was served on Plaintiff in Washington state. After Plaintiff's return to Missouri, and his numerous letters to the state court judge alleging he had been human trafficked in his transport from Washington to Missouri state by St. Louis police officers, the judge ordered an evaluation of Plaintiff's mental capacity in September 2022. In April 2023, based on a psychiatric evaluation of Plaintiff, the state court found that Plaintiff lacked the mental fitness to proceed in his criminal matter and suspended the case. Plaintiff was committed to the custody of the Department of Mental Health (DMH) for care and treatment.

In a November 2023 DMH progress report, no significant change in Plaintiff's mental status was reported. As a result, the court ordered that Plaintiff's case remain stayed and he remain committed to the DMH "so long as the mental unfitness endures or until the charges are disposed of according to law." In January 2024, Plaintiff was admitted to a DMH facility, the St. Louis Forensic Treatment Center. However, on May 30, 2024, the court was informed that the staff at St. Louis Forensic Treatment Center found that Plaintiff's "unfitness to proceed no longer endures,

and that he has the capacity to understand the proceedings against him and assist in his own defense." Because Plaintiff no longer required inpatient hospitalization, it was recommended that he be returned to St. Louis City Jail. On June 11, 2024, the state court ordered the Plaintiff's criminal case resume and that Plaintiff be transferred out of DMH custody and back to the City Jail. The criminal case is set for a status hearing.

In terms of litigation in this Court involving Plaintiff, in 2022, Plaintiff filed multiple § 1983 cases based on his arrest in Washington state by St. Louis City police officers. *See Darden v. St. Louis Airport & City Dep't,* No. 4:22-cv-203-HEA (E.D. Mo. filed Feb. 18, 2022); *Darden v. St. Louis Sheriffs Dep't*, No. 4:22-cv-956-AGF (E.D. Mo. filed Sept. 12, 2022). In his complaints, Plaintiff alleged that he was abducted from the Seattle airport, taken hostage by the St. Louis City police, and was being human trafficked by the City of St. Louis. *See Darden v. St. Louis Sheriffs Dep't*, No. 4:22-cv-956-AGF, ECF No. 1. One of Plaintiff's prior cases was dismissed for failure to keep the Court apprised of a change in address, and the other was dismissed for frivolity and failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

On the same day that the Court received the complaint for this matter, Plaintiff also filed a case with this Court seeking a petition for writ habeas corpus under 28 U.S.C. § 2241. *See Darden v. Huhn*, No. 4:24-cv-551-MTS (E.D. Mo. filed Apr. 15, 2024). In that case, Plaintiff alleges that he is being unlawfully detained, in violation of his due process rights, because he believes that his pending criminal matter, 2022-CR01542-01, had been "dropped." *Id.* at ECF No. 1 at 1-3. He further asserts that records show that he has no active criminal matters and that he should be released from custody. According to Plaintiff, when he was transferred to the St. Louis Forensic Treatment Center in January 2024 on "falsified documents," it constituted "hostage taking" and "human traffic[king]." *Id.* at 6-7. As of the date of this order, Plaintiff's § 2241 petition is still pending.

- 3 -

**The Complaint and Supplement**

Plaintiff signed and dated his complaint in this matter on April 4, 2024. ECF No. 1 at 10. According to Plaintiff's criminal state court history, on that date, Plaintiff was still in the custody of the Missouri DMH. Accordingly, Plaintiff describes himself as a "civilly committed detainee" on his complaint. *Id.* at 2. He brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against fourteen (14) defendants. Ten (10) of the defendants are administrative staff at the Treatment Center where Plaintiff is detained, and he brings his claims against these defendants in their official capacities only. *Id.* The other four (4) defendants are employees of the Missouri DMH, presumably also working at the Treatment Center, and he brings his claims against these defendants in their individual and official capacities. *Id.* at 3.

Plaintiff's Statement of Claim is incredibly difficult to read as the writing is not dark enough in spots to be decipherable. *Id.* at 4-5. As best the Court can determine, Plaintiff alleges that upon admission to the St. Louis Forensic Treatment Center in January 2024, he informed staff that he was being human trafficked. *Id.* at 4. Plaintiff alleges his due process was violated when defendants did not contact the U.S. Attorneys, St. Louis City Prosecutor, and St. Louis County Prosecutor Offices to verify that he had no active criminal charges. Defendants informed Plaintiff that "its not their job to contact" those offices "to verify the clerical error and hostage taking of [him]." Plaintiff makes further allegations of negligence, in that some defendants refused to help him, and other defendants were negligent in their duties of treating swelling in his left calf due to a bullet fragment. *Id.*

Plaintiff's injuries resulting from these allegations are unclear. *Id.* He did attach medical records[1] to the complaint indicating that in June 2022 he was seen by a nurse in Washington state

---

[1] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted);

- 4 -

concerning left leg swelling, which he reported was the result of a bullet fragment in his leg. ECF No. 1-1 at 1. Plaintiff also attached grievance filings with his complaint, in which he makes similar allegations to those asserted in the complaint. *Id.* at 3-7. For relief, Plaintiff seeks money damages and immediate release. ECF No. 1 at 5.

Plaintiff states on his Original Filing Form, attached to the complaint, that this case is related to his previously filed complaint in case no. 4:22-cv-956-AGF. ECF No. 1-2 at 1. In that case, Plaintiff alleged that he was abducted from the Seattle airport, taken hostage by the St. Louis City police, and was being human trafficked by the City of St. Louis. *See Darden v. St. Louis Sheriffs Dep't*, No. 4:22-cv-956-AGF, ECF No. 1. That case dismissed under 28 U.S.C. § 1915(e)(2)(B), in October 2022.

Plaintiff filed a supplemental pleading in this matter on May 15, 2024, in which he admits that he is in custody due to a pending criminal matter in state court involving unlawful use of a weapon. ECF No. 4 at 1. However, he argues that he has been held by the State of Missouri longer than he should have been on such a charge, in violation of his due process. Confusingly, he makes this argument while also stating that he has been incarcerated since June 23, 2022, and that the maximum sentence for the weapon charge is four years. *Id.*

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes

---

Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action as factually frivolous if the facts alleged are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke,* 490 U.S. at 327). Allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional." *Id.* (quoting *Neitzke*, 490 U.S. at 325, 327, 328). "As those words suggest, a finding of factual frivolousness is appropriate when the

facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

## Discussion

As Plaintiff admits in his pleadings, this is only one of the cases he has filed alleging hostage taking and human trafficking associated with his state-ordered incarceration and civil commitment. Based on a careful review and liberal construction of Plaintiff's pleadings, the Court finds that the factual allegations are frivolous. Plaintiff asserts that he was transferred to the St. Louis Forensic Treatment Center without a court order or pending case, in violation of his due process rights. This is not true. As Plaintiff was informed in response to his grievance filings, he has a pending criminal matter in Missouri state court. Admittedly, the criminal case was stayed during Plaintiff's mental health evaluation and inpatient treatment. But the case was never dropped or dismissed. Now that the state case has been ordered to resume, and Plaintiff has been ordered to be transferred out of the St. Louis Forensic Treatment Center, hopefully Plaintiff's state case will soon be disposed of. The Court notes that Plaintiff must be aware of this change in state court case status, as he filed a letter with the court on July 11, 2024, stating that he would like to plead guilty and be released on time served.

To the extent Plaintiff alleges that he was taken hostage and human trafficked by staff at the St. Louis Forensic Treatment Center, the Court finds these allegations fanciful, fantastic, and delusional. *See Denton*, 504 U.S. at 32-33. These assertions rise to the level of the irrational or wholly incredible. *Id.* at 33. Because this action is founded on these clearly baseless allegations, this case is subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) as being factually frivolous. *See also Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992) (finding a 28 U.S.C. § 1915 dismissal as frivolous appropriate where the complaint lacks an arguable basis in law or fact).

To the extent that Plaintiff alleges that defendants acted negligently in the care and treatment of his left calf injury, these allegations fail to state a claim upon which relief may be granted.  The Fourteenth Amendment's Due Process Clause is used to evaluate pretrial detainee's claims of deliberate indifference, whereas the Eighth Amendment is used to evaluate claims of convicted prisoners.  *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)).  However, this distinction "makes little difference as a practical matter," because the same standard is applied.   *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) ("Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment.").

The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs.  *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012).  To survive initial review, a plaintiff must plead facts sufficient to state a plausible claim for deliberate indifference to serious medical needs.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995).  Allegations of mere negligence in giving or failing to supply medical treatment will not suffice.  *Estelle*, 429 U.S. at 106.  Nor will a prisoner's "mere disagreement with treatment decisions" support a claim of deliberate indifference to a prisoner's serious medical needs.  *Jones v. Minnesota Dep't of Corr.*, 512 F.3d 478, 482 (8th Cir. 2008).

In this case, Plaintiff alleges only that swelling in his left leg – due to an injury that is over two years old – is being negligently treated.  This is not enough to state a claim of deliberately indifferent medical care.  Plaintiff's bare assertions of negligent care are not enough.

Finally, to the extent Plaintiff can be understood to ask this Court to dismiss, enjoin, or otherwise intervene in his ongoing state judicial proceeding so that he can be released from confinement, his claims are barred under the abstention doctrine set forth in *Younger v. Harris*,

401 U.S. 37 (1971). *Younger* requires federal courts to abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests and affords an adequate opportunity to raise the federal questions presented. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to such proceedings should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010).

As discussed above, now that Plaintiff's state court matter has resumed, he should raise any constitutional claims regarding his confinement with that court. Furthermore, release from confinement is not cognizable relief in an § 1983 action. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff must seek release in a petition for writ of habeas corpus, after exhausting state court remedies. For all of these reasons, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is frivolous and fails to state a claim upon which relief may be granted. Plaintiff's claims against all defendants are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FINALLY ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 30th day of July, 2024.

                                              HENRY EDWARD AUTREY
                                    UNITED STATES DISTRICT JUDGE